# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: )<br><br>BIGHORN RESTAURANTS, LLC )<br>EIN: 35-2489713 )<br><br>    Debtor-in-Possession. ) | Case No. 23-11919-MER<br><br>Chapter 11 |
| In re: )<br><br>SUMMIT RESTAURANT HOLDINGS, LLC )<br>EIN: 35-2488578 )<br><br>    Debtor-in-Possession. ) | Case No. 23-11921-MER<br><br>Chapter 11 |
| In re: )<br><br>EMPIRE RESTAURANTS, LLC )<br>EIN: 32-0423213 )<br><br>    Debtor-in-Possession. ) | Case No. 23-11922-MER<br><br>Chapter 11 |
| In re: )<br><br>HEARTLAND RESTAURANTS, LLC )<br>EIN: 80-0962321 )<br><br>    Debtor-in-Possession. ) | Case No. 23-11924-MER<br><br>Chapter 11 |
| In re: )<br><br>ATLANTIC STAR FOODS, LLC )<br>EIN: 47-2136486 )<br><br>    Debtor-in-Possession. ) | Case No. 23-11925-MER<br><br>Chapter 11 |
| In re: )<br><br>SUMMIT RESTAURANT<br>DEVELOPMENT, LLC )<br>EIN: 47-2810472 )<br><br>    Debtor-in-Possession. ) | Case No. 23-11926-MER<br><br>Chapter 11 |

**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY AND ENTRY OF RELATED RELIEF**

Debtors Bighorn Restaurants, LLC ("Bighorn"), Summit Restaurant Holdings, LLC ("Summit Holdings"), Empire Restaurants, LLC ("Empire"), Heartland Restaurants, LLC ("Heartland"), Atlantic Star Foods, LLC ("Atlantic Star"), and Summit Restaurant Development, LLC ("Summit Development") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby move the Court for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1 authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this motion, the Debtors state as follows:[1]

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a court proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district and before this Court pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for relief requested herein are Fed. R. Bankr. P. 1015 and Local Bankruptcy Rule 1015-1.

## BACKGROUND

2. On May 4, 2023, (the "Petition Date"), the Debtors separately filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado (the "Court").

3. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108. No creditors' committee is appointed in the chapter 11 cases by the Office of the United States Trustee, nor has any trustee or examiner been requested or appointed.

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

4. Together, the Debtors constitute one of the largest current franchisees of Hardee's restaurants. The Debtors formerly operated over 145 Hardee's restaurants, recently closed 39 restaurants, and currently operate 108 restaurants (the "Restaurants"). The Restaurants span the states of Alabama, Florida, Georgia, South Carolina, Kansas, Missouri, Wyoming, and Montana. The Restaurants are operated by Debtors Empire, Heartland, Bighorn, and Atlantic Star.[2]

5. A description of the Debtors' business, the reasons for filing the chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set more fully described in the *Declaration of Daniel F. Dooley in Support of First Day Relief* (the "First Day Declaration"), which the Debtor hereby adopts and incorporates as if fully set forth herein.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and consolidation thereof for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as captioned below:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| BIGHORN RESTAURANTS, LLC; | ) Bankr. Case No. 23-11919-MER |
| SUMMIT RESTAURANT HOLDINGS, | ) Bankr. Case No. 23-11921-MER |
| LLC; EMPIRE RESTAURANTS, LLC; | ) Bankr. Case No. 23-11922-MER |
| HEARTLAND RESTAURANTS, LLC; | ) Bankr. Case No. 23-11924-MER |
| ATLANTIC STAR RESTAURANTS, LLC; | ) Bankr. Case No. 23-11925-MER |
| and SUMMIT RESTAURANT | ) Bankr. Case No. 23-11926-MER |
| DEVELOPMENT, LLC, | ) |
| | ) **(Jointly Administered under** |
| Debtors-in-Possession. | ) **Bankr. Case No. 23-11919-MER)** |
| | ) |
| | ) Chapter 11 |
| | ) |

---

[2] As of the Petition Date, Summit Development does not have any Restaurant operations.

7. The Debtors request the Court permit use of a combined service list and correspondingly combined notices.

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible.

9. Joint administration is appropriate in these chapter 11 cases because the Debtors' financial affairs and business operations are related, and joint administration of the chapter 11 cases will ease administrative burden on the court and other parties in interest. The Debtors are affiliates under the meaning of § 101(2). Further, the Debtors operate under common ownership, common management, and on a financially consolidated basis.

10. Joint administration will permit the Clerk of the Court to use a single general docket for these case and combined notices to creditors and other parties in interest.

11. Joint administration will protect parties in interest by ensuring that such parties in each of the Debtors' chapter 11 cases will be apprised of various matters before the court.

## NOTICE

12. Pursuant to Local Bankruptcy Rule 2081-1(b), a copy of this motion and the proposed order filed herewith have been or will be immediately served by facsimile, email, overnight mail, or hand delivery, to: (i) the United States Trustee for the District of Colorado; (ii) those entities or individuals included on the Debtors' consolidated list of the 20 largest unsecured creditors; (iii) all parties requesting notices pursuant to Fed. R. Bankr. P. 2002; i(v) the IRS and other relevant government agencies; and (v) any party whose interest in property of the estate will be affected by the relief requested herein.

13. Pursuant to Local Bankruptcy Rule 1015-1(b), upon entry of an order granting this motion, the Debtors will provide notice of the order to all creditors and parties in interest.

WHEREFORE, the Debtors respectfully request that this Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only; (b) directing the Clerk of the Court to make a docket entry as set forth herein; and (c) granting such other and further relief as this Court deems necessary and appropriate.

Dated: May 4, 2023

Respectfully submitted,

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: */s/ William G. Cross*
James T. Markus, #25056
John F. Young, #26989
Matthew T. Faga, #41132
William G. Cross, #52952
Lacey S. Bryan, #51908
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: jyoung@markuswilliams.com
Email: mfaga@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtors-In-Possession*