# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Case No. 23-11919-MER |
| BIGHORN RESTAURANTS, LLC | ) |
| EIN: 35-2489713 | ) Chapter 11 |
| | ) |
| Debtor-in-Possession. | ) |
| In re: | ) |
| | ) Case No. 23-11921-MER |
| SUMMIT RESTAURANT HOLDINGS, LLC | ) |
| EIN: 35-2488578 | ) Chapter 11 |
| | ) |
| Debtor-in-Possession. | ) |
| In re: | ) |
| | ) Case No. 23-11922-MER |
| EMPIRE RESTAURANTS, LLC | ) |
| EIN: 32-0423213 | ) Chapter 11 |
| | ) |
| Debtor-in-Possession. | ) |
| In re: | ) |
| | ) Case No. 23-11924-MER |
| HEARTLAND RESTAURANTS, LLC | ) |
| EIN: 80-0962321 | ) Chapter 11 |
| | ) |
| Debtor-in-Possession. | ) |
| In re: | ) |
| | ) Case No. 23-11925-MER |
| ATLANTIC STAR FOODS, LLC | ) |
| EIN: 47-2136486 | ) Chapter 11 |
| | ) |
| Debtor-in-Possession. | ) |
| In re: | ) |
| | ) Case No. 23-11926-MER |
| SUMMIT RESTAURANT | ) |
| DEVELOPMENT, LLC | ) Chapter 11 |
| EIN: 47-2810472 | ) |
| | ) |
| Debtor-in-Possession. | ) |

**APPLICATION TO EMPLOY MARKUS WILLIAMS YOUNG & HUNSICKER LLC AS COUNSEL FOR THE DEBTORS-IN-POSSESSION**

1

4870-8259-1329, v. 1

Bighorn Restaurants, LLC ("Bighorn"), Summit Restaurant Holdings, LLC ("Summit Holdings"), Empire Restaurants, LLC ("Empire"), Heartland Restaurants, LLC ("Heartland"), Atlantic Star Foods, LLC ("Atlantic Star"), and Summit Restaurant Development, LLC ("Summit Development") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby requests the Court enter an order authorizing the employment of Markus Williams Young & Hunsicker LLC ("MWYH") as their counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and L.B.R. 2014-1, effective as of the date of this application (the "Application"). In support of this Application, the Debtors state as follows:[1]

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Colorado has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein includes §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and L.B.R. 2014-1.

## BACKGROUND

3. On May 4, 2023, (the "Petition Date"), the Debtors separately filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado (the "Court").[2]

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

[2] On the Petition Date, the Debtors will be filing a motion pursuant to Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1 seeking joint administration of the Debtors' chapter 11 cases for procedural purposes only, under the

2

4. The Debtors are authorized to operate their business and manage their properties as debtors-in-possession under §§ 1107(a) and 1108. No creditors' committee is appointed in the chapter 11 cases by the Office of the United States Trustee, nor has any trustee or examiner been requested or appointed.

5. Together, the Debtors constitute one of the largest current franchisees of Hardee's restaurants. The Debtors formerly operated over 145 Hardee's restaurants; the Debtors recently closed 39 restaurants and currently operate 108 restaurants (the "Restaurants"). The Restaurants span the states of Alabama, Florida, Georgia, South Carolina, Kansas, Missouri, Wyoming and Montana. The Restaurants are operated by Debtors Empire, Heartland, Bighorn, and Atlantic Star.[3]

6. A description of the Debtors' business, the reasons for filing this chapter 11 case and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set more fully described in the *Declaration of Daniel F. Dooley in Support of First Day Relief* (the "First Day Declaration"), which the Debtor hereby adopts and incorporates as if fully set forth herein.

## RELIEF REQUESTED

7. By this Application, the Debtors respectfully request entry of an order, pursuant to §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and L.B.R. 2014-1, finding MWYH does not hold or represent any interest adverse to the estates and is disinterested, and approving employment of MWYH as Debtors' counsel in these chapter 11 cases, effective as of the date of the filing of this Application.

---

Bighorn case, In re Bighorn Restaurants, LLC, case no. 23-11919-MER.
[3] As of the Petition Date, Summit Development does not have any Restaurant operations.

3

**BASIS FOR RELIEF REQUESTED**

8. Section 327(a) of the Bankruptcy Code provides: "[e]xcept as otherwise provided in this section, the [debtor in possession], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession]'s duties under this title." 11 U.S.C. § 327(a).

9. Section 328(a) of the Bankruptcy Code provides, in part: "[t]he [debtor in possession] . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixes or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

10. By this Application, the Debtors seek to retain and employ MWYH as the Debtors' bankruptcy counsel under § 327(a) to represent the Debtors and assist the Debtor in carrying out their duties and legal obligations in this chapter 11 case. It is necessary for the Debtors to employ attorneys for the foregoing professional services and to render services routinely required of a bankruptcy under the Bankruptcy Code. The Debtors desire to employ MWYH because of the extent of legal services required in these proceedings.

11. Pursuant to § 327(a), the Debtors desire to employ MWYH as its bankruptcy counsel to perform on its behalf various professional services, including, but not limited to, the following:

   a. Assist in the production of the Debtors' schedules and statement of financial affairs and other pleadings necessary to file its chapter 11 case;

   b. Assist in the preparation of the Debtors' plan of reorganization and disclosure statement;

    c. Prepare on behalf of the Debtors all necessary applications, complaints, answers, motions, orders, reports, and other legal papers;

    d. Represent the Debtors in adversary proceedings and contested matters related to the Debtors' bankruptcy case;

    e. Investigating the assets, liabilities, and financial affairs of the estate, including the assets, liabilities, and financial affairs of various entities which are owned by, controlled by, or affiliated with the Debtors;

    f. Assisting the Debtors in analyzing and pursuing any proposed dispositions of assets of their bankruptcy estates;

    g. Pursuing claims and causes of action of the Debtors' bankruptcy estates, including but not limited to claims and causes of action arising under Chapter 5 of the Bankruptcy Code;

    h. Defending one or more of the Debtors and their estate in any litigation matters which may be asserted, including the defense of motions seeking relief from the automatic stay;

    i. Provide legal advice with respect to the Debtors' rights, powers, obligations and duties as chapter 11 debtor-in-possession in the continuing operation of the Debtors' business and the administration of the estate; and,

    j. Provide other legal services for the Debtors as necessary and appropriate for the administration of the Debtors' estates.

12. The Debtors have selected MWYH because of their expertise and experience in bankruptcy matters and believes that said attorneys are well-qualified to represent the Debtors in these proceedings. MWYH's employment by multiple, affiliated debtors in chapter 11 cases has been approved by this Court and by other bankruptcy courts within the Tenth Circuit. *See, e.g., In re Meridian Restaurants Unlimited, L.C., et al.*, Case No. 23-20731-KRA (Bankr. D. Utah); *In re NITROcrete, LLC, et al.*, Case No. 21-15739-KHT (Bankr. D. Colo.); *In re Fog Cap Retail Investors, LLC*, 16-13817 TBM (Bankr. D. Colo.); *In re Schwinn/ GT Corp., et al*, 01-20292 SBB (Bankr. D. Colo.) *see also In re Mulberry Phosphates, Inc.,* 142 B.R. 997, 999 (Bankr. M.D. Fla.

1992) (noting "it is quite common for a single law firm to represent a parent company and all its subsidiaries either when they are all debtors or when only the parent is a debtor").

13. The Debtors believe the employment of MWYH as its counsel in this chapter 11 case is in the best interest of the creditors and the bankruptcy estate. The attorneys of MWYH are duly admitted to practice law before this Court and well qualified to represent the Debtors in this bankruptcy case and related proceedings. MWYH has agreed to serve as counsel for the Debtors, with all fee applications subject to review by this Court in accordance with applicable law and other orders of this Court. Further, the services that MWYH will render to Debtors are essential to Debtors' successful reorganization, and the services are necessary to allow the Debtors to negotiate and implement the terms of its chapter 11 plan.

14. To the best of the knowledge of the Debtors and MWYH, MWYH does not hold or represent interests adverse to the Debtors' estates in the chapter 11 cases. The Debtors are affiliates under the meaning of § 101(2). MWYH is informed there are certain intercompany receivables owed and owing between and among the various Debtors. Notwithstanding the existence of intercompany receivables, MWYH does not believe its representation of the Debtors represents any actual or potential conflict of interest. The Debtors common ownership and common management ensure that the entities are united and share the common goal of maximizing the value of the enterprise as a whole. In short, there is no active competition among the Debtors' interests giving rise to a disqualifying actual conflict of interest under § 327. *See In re Git-N-Go, Inc.*, 321 B.R. 54, 58-59 (Bankr. N.D. Okla. 2004*)* ("An actual conflict exists if there is 'an active competition between two interests, in which one interest can only be served at the expense of the other.'") (quoting *In re BH&P, Inc.*, 103 B.R. 556, 563 (Bankr. D.N.J. 1989), *aff'd in pertinent part*, 119 B.R. 35 (D. N.J.

1990)). Further, the existence of inter-debtor claims does not create a *per se* prohibition of counsel representing multiple, affiliated estates. *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 318-19 (10th Cir. 1994); *In re 7677 E. Berry Ave.*, 419 B.R. 833, 844 (Bankr. D. Colo. 2009). MWYH has informed each of the Debtors that should disputes, contested matters or adverse litigation arise between and/or among the Debtors, including, but not limited to, with respect to the intercompany receivables, the Debtors will be required to retain separate conflicts counsel for such matters. These provisions protect the Debtors' estates from any potential conflicts which may arise during the course of MWYH's representation.

15. To the best of the knowledge of the Debtors and MWYH, MWYH is a "disinterested person," as defined under § 101(14). As explained in this Application and the *Declaration of James T. Markus in Support of Application to Employ Markus Williams Young & Hunsicker LLC as Counsel for the Debtor-in-Possession* attached hereto as **Exhibit 1** (the "MWYH Declaration"), MWYH conducted an examination using the firm's internal conflict checking procedure of all the creditors of the Debtors and other parties in interest to determine whether MWYH represented them in connection with the Debtors or in other matters. Except as set forth in the MWYH Declaration, to the best of MWYH's knowledge, attorneys with MWYH have not represented entities that are creditors or parties in interest (or affiliates of creditors and parties in interest) of the Debtor and its affiliates. Nor is MWYH a creditor of any of the Debtors. *In re 7677 E. Berry Ave.*, 419 B.R. at 843 ("the 'disinterested' requirement implicates 'only the personal interests' of the professional in question, requiring the professional to actually 'have' such an interest.") (quoting *In re Arochem Corp.*, 176 F.3d 610, 623 (2nd Cir. 1999)).

16. MWYH will promptly disclose any material developments regarding the Debtosr or any other pertinent relationship that comes to MWYH's attention by way of a supplemental attorney declaration.

17. The MWYH attorneys who may likely work on this case and their current hourly rates will include the following:

| Professional | Rate |
|---|---|
| James T. Markus | $595.00/hr |
| John F. Young | $580.00/hr |
| Bradley T. Hunsicker | $425.00/hr |
| Matthew T. Faga | $460.00/hr |
| William G. Cross | $395.00/hr |
| Lacey S. Bryan | $395.00/hr |
| Daniel J. Sequeria, Law Clerk | $200.00/hr |
| Serina Schaefer, Paralegal | $175.00/hr |

18. These rates are the standard rates charged by the attorneys, paralegals and assistants who will be working on the matter. These rates are adjusted from time to time. Where appropriate, MWYH will use the services of other attorneys, paralegals and other MWYH personnel to represent the Debtors' interests efficiently and effectively. The Debtors believe the compensation terms described above charged by MWYH represent rates normally charged by MWYH to its other clients and are the product of good faith negotiations between the Debtors and MWYH, market-based, fair, and reasonable terms and conditions for the retention by the Debtors of MWYH as its counsel in this chapter 11 case.

19. All compensation and expense reimbursement of MWYH will be paid only upon prior approval by the Court under § 330, Fed. R. Bankr. P. 2016, and Local Bankruptcy Rule 2016-1

after a request made in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and other orders of this Court.

20. As set forth in the MWYH Declaration, prior to the filing of the petition MWYH provided general counseling, pre-bankruptcy planning and other services to the Debtors each of whom separately filed voluntary chapter 11 petitions in this Court. For those services on behalf of the Debtors, MWYH received payments from the Debtors in the amount of $158,754 as well as a security retainer totaling $250,000. Prior to filing of the chapter 11 petition herein, a portion of the retainer, $156,186, which amount includes $10,5999 in filing fee for the Debtors' voluntary petitions, was applied to the amount owed for general representation and pre-petition services and expenses. MWYH has no claim for unpaid fees and expenses against the any of the Debtors as of the Petition Date.

21. MWYH is holding the balance of the retainer from the Debtors, in the amount of $93,814.09 (the "Retainer"). MWYH asserts a security interest in the Retainer. In the event the case is converted to a chapter 7 proceeding, the security interest in the Retainer may enable MWYH to receive payment of its fees and expenses to the extent of the Retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to the Debtors. There are no liens or interests in the retained funds other than the security interest claimed by MWYH. Pursuant to L.B.R. 2014-1(d), MWYH will seek approval of the Retainer by separate motion from this Application.

22. The terms and conditions of MWYH's employment as Debtors' chapter 11 counsel and the compensation terms outlined above are reasonable under § 328(a). The hourly rates and the amount of the retainer requested for approval are at or below the average and customary rates in this

District for similar legal services of the type being performed by practitioners with similar experience and qualifications and considering the complexity of the legal issues involved in this chapter 11 case.

23. The Debtors and MWYH request that the Order approving this Application be granted effective as of the date the Application was filed under L.B.R. 2014-1(c).

4870-8259-1329, v. 1

## **CONCLUSION**

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order, substantially in the form filed herewith: (i) finding that MWYH does not hold or represent an interest adverse to the estate and is disinterested under § 327(a); (ii) finding that the terms and conditions of MWYH's employment as Debtors' counsel are reasonable, with payment of any fees and expenses subject to prior approval by the Court under § 330 and Fed. R. Bankr. P. 2016 after a request made in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and other orders of this Court; (iii) approving this Application; and (v) granting such further and other relief as the Court finds appropriate under the circumstances.

Dated: May 4, 2023

Respectfully submitted,

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

By: */s/ James T. Markus*
James T. Markus, #25056
John F. Young, #26989
Matthew T. Faga, #41132
William G. Cross, #52952
Lacey S. Bryan, #51908
1775 Sherman Street, Suite 1950
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmarkus@markuswilliams.com
Email: jyoung@markuswilliams.com
Email: mfaga@markuswilliams.com
Email: wcross@markuswilliams.com
Email: lbryan@markuswilliams.com

*Proposed Counsel for the Debtors-In-Possession*

11

## **CERTIFICATE OF SERVICE**

**9013-1 Certificate of Service of Motion, Notice, Verified Statement and Proposed Order:**

The undersigned certifies that on May 4, 2023, true and correct copies of the **APPLICATION TO EMPLOY MARKUS WILLIAMS YOUNG & HUNSICKER, LLC AS COUNSEL FOR THE DEBTORS-IN-POSSESSION**, all attachments thereto, proposed order and **L.B.F. 9013-1.1 Notice of Motion/Application** were filed and served via CM/ECF pursuant to L.B.R. 9013-1 and 9036-1 as indicated below on the following:

Office of the U.S. Trustee
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294


**2002-1 Certificate of Service of Notice**:

The undersigned further certifies that on May 4, 2023, I directed BMC Group, Inc., the Debtors' proposed noticing agent, to serve a copy of the **L.B.F. 9013-1.1 Notice of Motion/Application** for the **APPLICATION TO EMPLOY MARKUS WILLIAMS YOUNG & HUNSICKER, LLC AS COUNSEL FOR THE DEBTORS-IN-POSSESSION** by prepaid first-class mail in accordance with FED. R. BANKR. P. 2002 and 11 U.S.C. § 342(c) (if applicable) on parties in interest contained on the court's Creditor Address Mailing Matrix for the above captioned case, obtained from PACER on May 4, 2023.  BMC Group, Inc. has or will file a separate certificate of service and service list reflecting service of the L.B.F. 9013-1.1 Notice of Motion/Application.


Dated: May 4, 2023                                        */s/ Serina Schaefer*
                                                                        Markus Williams Young & Hunsicker LLC
                                                                        1775 Sherman Street, Suite 1950
                                                                        Denver, CO 80203
                                                                        Telephone: 303-830-0800

4870-8259-1329, v. 1