# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-11919-MER |
| BIGHORN RESTAURANTS, LLC | ) | |
| EIN: 35-2489713 | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |
| In re: | ) | |
| | ) | Case No. 23-11921-MER |
| SUMMIT RESTAURANT HOLDINGS, LLC | ) | |
| EIN: 35-2488578 | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |
| In re: | ) | |
| | ) | Case No. 23-11922-MER |
| EMPIRE RESTAURANTS, LLC | ) | |
| EIN: 32-0423213 | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |
| In re: | ) | |
| | ) | Case No. 23-11924-MER |
| HEARTLAND RESTAURANTS, LLC | ) | |
| EIN: 80-0962321 | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |
| In re: | ) | |
| | ) | Case No. 23-11925-MER |
| ATLANTIC STAR FOODS, LLC | ) | |
| EIN: 47-2136486 | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |
| In re: | ) | |
| | ) | Case No. 23-11926-MER |
| SUMMIT RESTAURANT | ) | |
| DEVELOPMENT, LLC | ) | Chapter 11 |
| EIN: 47-2810472 | ) | |
| | ) | |
| Debtor-in-Possession. | ) | |

{Z0411886/1 }
4861-9621-7185, v. 1

## DECLARATION OF JAMES T. MARKUS IN SUPPORT OF APPLICATION TO EMPLOY MARKUS WILLIAMS YOUNG & HUNSICKER LLC AS COUNSEL FOR THE DEBTORS-IN-POSSESSION

I, James T. Markus, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury:

1.      I am a member of the law firm of Markus Williams Young & Hunsicker, LLC ("MWYH"), 1775 Sherman Street, Suite 1950, Denver, Colorado 80203.

2.      I am duly admitted to practice law in the State of Colorado and before this Court.

3.      This declaration is submitted pursuant to Fed. R. Bankr. P. 2014(a) in connection with the *Application to Employ Markus Williams Young & Hunsicker LLC as Counsel for Debtor-in-Possession* (the "Application") filed in the above-captioned chapter 11 case.

4.      MWYH has agreed to represent Bighorn Restaurants, LLC ("Bighorn"), Summit Restaurant Holdings, LLC ("Summit Holdings"), Empire Restaurants, LLC ("Empire"), Heartland Restaurants, LLC ("Heartland"), Atlantic Star Foods, LLC ("Atlantic Star"), and Summit Restaurant Development, LLC ("Summit Development") (collectively the "Debtors"), debtors and debtors-in-possession in the above-captioned chapter 11 cases.  In connection with its representation of the Debtors, MWYH has agreed to perform on behalf of the Debtors various professional services, including, but not limited to, the following:

   a.   Assist in the production of the Debtors' schedules and statement of financial affairs and other pleadings necessary to file its chapter 11 case;

   b.   Assist in the preparation of the Debtors' plan of reorganization and disclosure statement;

   c.   Prepare on behalf of the Debtors all necessary applications, complaints, answers, motions, orders, reports, and other legal papers;

   d.   Represent the Debtors in adversary proceedings and contested matters related

{Z0411886/1 }
4861-9621-7185, v. 1

to the Debtors' bankruptcy case;

e. Investigating the assets, liabilities, and financial affairs of the estate, including the assets, liabilities, and financial affairs of various entities which are owned by, controlled by, or affiliated with the Debtors;

f. Assisting the Debtors in analyzing and pursuing any proposed dispositions of assets of their bankruptcy estates;

g. Pursuing claims and causes of action of the Debtors' bankruptcy estates, including but not limited to claims and causes of action arising under Chapter 5 of the Bankruptcy Code;

h. Defending one or more of the Debtors and their estate in any litigation matters which may be asserted, including the defense of motions seeking relief from the automatic stay;

i. Provide legal advice with respect to the Debtors' rights, powers, obligations and duties as chapter 11 debtor-in-possession in the continuing operation of the Debtors' business and the administration of the estate; and,

j. Provide other legal services for the Debtors as necessary and appropriate for the administration of the Debtors' estates.

5.     To the best of the knowledge of MWYH, MWYH does not hold or represent interests adverse to the Debtors' respective estates in the chapter 11 cases.  MWYH is informed there are certain intercompany receivables owed and owing between and among the various Debtors. Notwithstanding the existence of intercompany receivables, MWYH does not believe its representation of the Debtors represents any actual or potential conflict of interest.

6.     MWYH has informed each of the Debtors that should disputes, contested matters or adverse litigation arise between and/or among the Debtors, including, but not limited to, with respect to the intercompany receivables, the Debtors will be required to retain separate conflicts counsel for such matters.  These provisions protect the Debtors' estates from any potential conflicts which may arise during the course of MWYH's representation.

{Z0411886/1 }
4861-9621-7185, v. 1

7.      To the best of the knowledge of MWYH, MWYH is a "disinterested person," as defined under 11 U.S.C. § 101(14).  MWYH conducted an examination using the firm's internal conflict checking procedure of all the creditors of the Debtors and other parties in interest to determine whether MWYH represented them in connection with the Debtors or in other matters. Except as set forth in the MWYH Declaration, to the best of MWYH's knowledge, attorneys with MWYH have not represented entities that are creditors or parties in interest (or affiliates of creditors and parties in interest) of the Debtor and its affiliates.  Nor is MWYH a creditor of any of the Debtors.

8.      Except as disclosed herein, neither I nor any member, shareholder, associate, or employee of MWYH represents any entity in this case, nor has any connection with the Debtors, any creditor, or any other party in interest in this case, or its respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, nor represents any interest adverse to the estates.  Further, neither I nor any other attorney or professional employed by MWYH represents or provides professional services for any entity other than the Debtors before this Court, nor has any connection with any creditor, or any other party in interest in this case, or its respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, nor represents any interest adverse to the estates.

9.      If a relationship is discovered or develops in the future that is required to be disclosed pursuant to Fed. R. Bankr. P. 2014(a), MWYH will promptly supplement this declaration.

10.     The MWYH attorneys who may likely work on this case and their current hourly rates will include the following:

{Z0411886/1 }
4861-9621-7185, v. 1

| Professional | Rate |
|---|---|
| James T. Markus | $595.00/hr |
| John F. Young | $580.00/hr |
| Bradley T. Hunsicker | $425.00/hr |
| Matthew T. Faga | $460.00/hr |
| William G. Cross | $395.00/hr |
| Lacey S. Bryan | $395.00/hr |
| Daniel J. Sequeria, Law Clerk | $200.00/hr |
| Serina Schaefer, Paralegal | $175.00/hr |

11.     These rates are the standard rates charged by the attorneys, paralegals and assistants who will be working on the matter.  These rates are adjusted from time to time.  Where appropriate, MWYH will use the services of other attorneys, paralegals and other MWYH personnel to represent the Debtors' interests efficiently and effectively.  I believe the rates charged by MWYH represent rates normally charged by MWYH to its other clients and are the product of good faith negotiations between the Debtors and MWYH, market-based, fair, and reasonable terms and conditions for the retention by the Debtors of MWYH as its counsel in this chapter 11 case.

12.     MWYH agrees that all compensation and expense reimbursement of MWYH will be paid only upon prior approval by the Court under 11 U.S.C. § 330, Fed. R. Bankr. P. 2016, and Local Bankruptcy Rule 2016-1 after a request made in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and other orders of this Court.

13.     Prior to the filing of the petition MWYH provided general counseling, pre-bankruptcy planning and other services to the Debtors each of whom separately filed voluntary chapter 11 petitions in this Court.  For those services on behalf of the Debtors, MWYH received payments from the Debtors in the amount of $158,754 as well as a security retainer totaling $250,000.  Prior to filing of the chapter 11 petition herein, a portion of the retainer, $156,186, which amount includes

$10,5999 in filing fees for the Debtors' voluntary petitions, was applied to the amount owed for general representation and pre-petition services and expenses. MWYH has no claim for unpaid fees and expenses against the any of the Debtors as of the Petition Date.

14.     MWYH is holding the balance of the retainer from the Debtors, in the amount of $93,814.09. MWYH asserts a security interest in the retainer. In the event the case is converted to a chapter 7 proceeding, the security interest in the retainer may enable MWYH to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to the Debtors. There are no liens or interests in the retained funds other than the security interest claimed by MWYH. Pursuant to L.B.R. 2014-1(d), MWYH will seek approval of the Retainer by separate motion from this Application.

15.     Neither the firm nor I have made any agreement or reached any understanding with any other person for a division of any compensation which may be awarded herein, except as such compensation will be shared or otherwise distributed among the employees and owners of the MWYH firm.

16.     MWYH will submit requests for reimbursement of its fees and expenses to the Court for approval in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and other orders of this Court.

17.     I believe the employment of MWYH under the above-described terms is in the best interests of the estate.

Dated: May 4, 2023                              Respectfully submitted,

                                                MARKUS WILLIAMS YOUNG &
                                                HUNSICKER LLC

                                                By: */s/ James T. Markus*
                                                James T. Markus, #25065
                                                1775 Sherman Street, Suite 1950
                                                Denver, Colorado 80203-4505
                                                Telephone (303) 830-0800
                                                Facsimile (303) 830-0809
                                                Email: jmarkus@Markuswilliams.com

                                                *Proposed Counsel for the Debtor-In-Possession*